


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KATHLEEN GOLDREICH and
MATTHEW GOLDREICH

       Plaintiffs,       Docket #:

08 CV 1950

-against-       **COMPLAINT**

                  Plaintiffs Demand
CARLSON RESTAURANTS WORLDWIDE, d/b/a  Trial by Jury
"TGI FRIDAYS, STORE 0184,"

       Defendant.

------------------------------------------------------------X

Plaintiffs, **KATHLEEN GOLDREICH and MATTHEW GOLDREICH** by their attorneys, **ROBINSON & YABLON, P.C.**, complaining of the defendant, set forth the following:

### BASIS OF JURISDICTION

1.  This is an action pursuant to New York law for catastrophic personal injuries sustained within this District. Jurisdiction of the Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1332 (a) (2) because the dispute involves the plaintiffs, citizens of New York, and defendant, a Texas corporation, and because the amount in controversy is greater than One Hundred Thousand Dollars ($100,000.00).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## IDENTITY OF PARTIES

2. At all times hereinafter mentioned, Plaintiff, KATHLEEN GOLDREICH was a citizen of the State of New York, domiciled in the County of Westchester.

3. At all times hereinafter mentioned, Plaintiff, MATHHEW GOLDREICH was a citizen of the State of New York, domiciled in the County of Westchester.

4. At all times hereinafter mentioned, Defendant, CARLSON RESTAURANTS WORLDWIDE, d/b/a/ "TGI FRIDAYS STORE 0184" (hereinafter "FRIDAYS") was a Texas corporation with its principal place of business in Carrollton, Texas.

5. At all times hereinafter mentioned, defendant, FRIDAYS did own, manage and operate a restaurant located at 240 White Plains Road, Tarrytown, New York.

## FACTS

6. At all times hereinafter mentioned, defendant, FRIDAYS was the owner of commercial premises located at 240 White Plains Road, Tarrytown, New York. (hereinafter the "subject premises").

7. At all times hereinafter mentioned, defendant, FRIDAYS maintained the subject premises.

8. At all times hereinafter mentioned, defendant, FRIDAYS operated the subject premises as a restaurant opened to the public.

9. At all times hereinafter mentioned, defendant FRIDAYS controlled the subject premises.

10. At all times hereinafter mentioned, defendant FRIDAYS managed the subject premises.

11. At all times hereinafter mentioned and for some time prior thereto it was the duty of defendant, FRIDAYS to use proper and reasonable care in the ownership, maintenance, operation, control, management, care and upkeep of the subject premises and more specifically the exterior walkways leading to the main entrance of the premises and to make any and all necessary repairs, changes, removals and modifications to the exterior walkways necessary to keep them with reasonably safe conditions for persons lawfully at the premises and/or using the subject exterior walkways, and in particular the plaintiff.

12. On and before February 10, 2008 and at all times hereinafter mentioned, defendant, FRIDAYS had a duty to maintain the subject premises with reasonably safe conditions.

13. On and before February 10, 2008, defendant, FRIDAYS knew or should have known of defective and dangerous conditions along the exterior walkways leading to the entrance to the premises which created an unreasonably unsafe means of access to the restaurant.

14. On and before February 10, 2008, defendant, FRIDAYS knew or should have known that the exterior walkways leading to the entrance to the premises were not properly maintained and/or constructed to provide safe ingress and egress into the subject premises.

15. On and before February 10, 2008, defendant, FRIDAYS negligently failed to use proper and reasonable care in the ownership, maintenance, operation, control, management, care and upkeep of said exterior walkways and to make any and all necessary repairs, changes, removals and amendments to the area thereto for the purpose of keeping same with reasonably safe conditions for pedestrians, and in particular Plaintiff, Kathleen Goldreich.

16. On February 10, 2008, while plaintiff, Kathleen Goldreich was lawfully at the aforementioned premises she was caused to lose her balance and fall after slipping on ice which was not properly removed or cleared from the defendants' premises, and permitted to accumulate thereby covering the exterior walkways with dangerous and hidden defects due to the negligence, carelessness and statutory violations of defendant, FRIDAYS in their ownership, maintenance, operation, control, management, care and upkeep of the subject premises.

17. On and before February 10, 2008 the exterior walkways at the subject premises were maintained by defendant, FRIDAYS in violation of New York state law.

18. The injuries sustained by plaintiff, Kathleen Goldreich were caused by the negligence, carelessness and statutory violations of defendant, FRIDAYS in its ownership, maintenance, operation, control, management, care and upkeep of the exterior walkways leading to the entrance to the subject premises without any negligence on plaintiff's part, contributing thereto.

19. As a result of the negligence, carelessness and statutory violations of defendant, FRIDAYS, plaintiff, Kathleen Goldreich was rendered sick, sore, lame, disabled, and so remains; sustained severe and permanent injuries in and to her right hip, body, limbs, and nervous system; suffered, still suffers and will continue to suffer, severe mental and physical pain; was compelled to, did, and will continue to and be required to undergo medical treatment and attention for the remainder of her life.

20. This cause of action is governed by New York law and falls within one or more of the exceptions set forth in CPLR §1602.

21. That by reason of the foregoing occurrence, the Plaintiff, Kathleen Goldreich has been damaged in the amount of Three Million Dollars ($3,000,000.00)

## SECOND CAUSE OF ACTION

22. Plaintiffs repeat and re-allege every allegation contained above in paragraphs "1" through "21" inclusive with the same force and effect as if herein set forth at length.

23. As a result of defendant, FRIDAYS negligence, carelessness and statutory violations plaintiff, Kathleen Goldreich has incurred and will continue to incur expenses and financial hardship.

24. As a result of defendant, FRIDAYS negligence, carelessness and statutory violations plaintiff, Kathleen Goldreich was caused to incur medical expenses and other expenses for which defendant, FRIDAYS is legally responsible.

25. That by reason of the foregoing, plaintiff, Kathleen Goldreich has been damaged in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION

26. Plaintiffs repeat and re-allege every allegation contained above in paragraphs "1" through "25" inclusive with the same force and effect as if herein set forth at length.

27. That the plaintiff, Matthew Goldreich was and still is the husband of plaintiff, Kathleen Goldreich.

28. That by reason of the foregoing occurrence, the plaintiff, Matthew Goldreich was caused to sustain the loss of services, society, consortium, and deprived of the love and affection of the plaintiff, Kathleen Goldreich.

29. That by reason of the foregoing, plaintiff, Matthew Goldreich has been damaged in the sum of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiffs, KATHLEEN GOLDREICH and MATTHEW GOLDREICH demands judgment against the Defendant, CARLSON RESTAUTANTS WORLDWIDE, d/b/a/ "TGI FRIDAYS STORE 0184" in the sum of:

(i) $3,000,000.00 (THREE MILLION DOLLARS) on the FIRST CAUSE OF ACTION;

(ii) $1,000,000.00 (ONE MILLION DOLLARS) on the SECOND CAUSE OF ACTION;

(iii) $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS) on the THIRD CAUSE OF ACTION; along with such other and further relief as may be granted by the Court, including but not limited to the costs and disbursements of this action.

Dated: New York, New York
February 25, 2008

ROBINSON & YABLON, P.C.
Attorneys for Plaintiffs

By: Andrew M. Laskin, Esq. (AL-9379)
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566

7

## CERTIFICATION

Andrew M. Laskin, Esq. being duly sworn says:

I am an attorney admitted to practice law before the courts of the State of New York and the United States District Court for the Southern District of New York. I am a member of the firm ROBINSON & YABLON, P.C., the attorneys of record for KATHLEEN GOLDREICH and MATTHEW GOLDREICH, plaintiffs in the within action. I have read the contents of the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief and as to those matters, I believe them to be true. My belief as to all matters not stated upon my knowledge are as follows: file maintained by ROBINSON & YABLON, P.C., and information supplied by the clients. This verification is made by me because plaintiffs reside in a county other than the county in which my office is located.

_____
Andrew M. Laskin, Esq. (AL-9379)

Affirmed: February 25, 2008