UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHLEEN GOLDREICH and
MATTHEW GOLDREICH,                                        08 CV 1950 (CLB)

                              Plaintiffs,                          **ANSWER WITH**
                                                                 **JURY DEMAND**

    -against-

CARLSON RESTAURANTS WORLDWIDE, d/b/a
"TGI FRIDAY, STORE 0184,"

                              Defendant.
------------------------------------------------------------------X

       Defendant, CARLSON RESTAURANTS WORLDWIDE, by its attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for its Answer to the Complaint of plaintiff herein, respectfully sets forth as follows, upon information and belief:

## BASIS OF JURISDICTION

       FIRST:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiffs' Complaint, and leaves all questions of law to this Honorable Court.

## IDENTITY OF PARTIES

       SECOND:  Denies knowledge or information sufficient to form a belief as to the truth of the accuracy of the allegations contained in the paragraph designated as "2" of the plaintiffs' Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the accuracy of the allegations contained in the paragraph designated as "3" of the plaintiffs' Complaint.

FOURTH: Denies each and every allegation contained in the paragraph designated as "4" of the plaintiffs' Complaint in the form alleged, but admits that CARLSON RESTAURANTS WORLDWIDE, is a Delaware corporation with its principal place of business in Texas.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiffs' Complaint, and leaves all questions of law to this Honorable Court.

## FACTS

SIXTH: Denies each and every allegation contained in the paragraph designated as "6" of the plaintiffs' Verified Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "7" of the plaintiffs' Complaint, and leaves all questions of law to this Honorable Court.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "8" of the plaintiffs' Complaint, and leaves all questions of law to this Honorable Court.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "9" of the plaintiffs' Complaint and leaves all questions of law to this Honorable Court.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the plaintiffs' Complaint and leaves all questions of law to this Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "11" of the plaintiffs' Complaint and leaves all questions of law to this Honorable Court.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the plaintiffs' Complaint and leaves all questions of law to this Honorable Court.

THIRTEENTH: Denies each and every allegation contained in the paragraph designated as "13" of the plaintiffs' Complaint.

FOURTEENTH: Denies each and every allegation contained in the paragraph designated as "14" of the plaintiffs' Complaint.

FIFTEENTH: Denies each and every allegation contained in the paragraph designated as "15" of the plaintiffs' Complaint.

SIXTEENTH: Denies each and every allegation contained in the paragraph designated as "16" of the plaintiffs' Complaint.

SEVENTEENTH: Denies each and every allegation contained in the paragraph designated as "17" of the plaintiffs' Complaint.

EIGHTEENTH: Denies each and every allegation contained in the paragraph designated as "18" of the plaintiffs' Complaint.

NINETEENTH: Denies each and every allegation contained in the paragraph designated as "19" of the plaintiffs' Complaint.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "20" of the plaintiffs' Complaint, and leaves all questions of law to this Honorable Court.

TWENTY-FIRST: Denies each and every allegation contained in the paragraph designated as "21" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

TWENTY-SECOND: In response to the paragraph designated as "22," defendant repeats, reiterates and realleges each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "21" above with the same force and effect as if set forth herein at length.

TWENTY-THIRD: Denies each and every allegation contained in the paragraph designated as "23" of the plaintiffs' Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in the paragraph designated as "24" of the plaintiffs' Complaint.

TWENTY-FIFTH: Denies each and every allegation contained in the paragraph designated as "25" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

TWENTY-SIXTH: In response to the paragraph designated as "26," defendant repeats, reiterates and realleges each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "25" above with the same force and effect as if set forth herein at length.

TWENTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "27" of the plaintiffs' Complaint.

TWENTY-EIGHTH: Denies each and every allegation contained in the paragraph designated as "28" of the plaintiffs' Complaint.

TWENTY-NINTH: Denies each and every allegation contained in the paragraph designated as "29" of the plaintiffs' Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries or damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk. Should it be found, however, that the defendant is liable to the plaintiff herein, any liability being specifically denied, then the answering defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: Upon information and belief, plaintiffs' economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering defendant had no control or right to exercise such control.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: Plaintiffs' Complaint fails to state a cause of action against the answering defendant.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: If this answering defendant is found liable, and such liability is less than or equal to 50% of the total liability of all persons and/or entities who may be found liable, then the answering defendant's liability shall be limited to its equitable share, pursuant to Article 16 of the CPLR.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: That all risks and dangers of losses connected with the situation alleged in the Complaint were at all times and places mentioned obvious and apparent and were known to the plaintiff and were voluntarily assumed by her.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: That any injuries or damages which may have been sustained, if any,

at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and without negligence or fault or want of care on the part of this answering defendant.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: The Court does not have jurisdiction based upon improper service of process.

**WHEREFORE,** the defendant, CARLSON RESTAURANTS WORLDWIDE, demands judgment dismissing the plaintiff's Verified Complaint against it, together with the costs and disbursements incurred in this action.

Dated: New York, New York
March 26, 2008

Respectfully yours,

RUTHERFORD & CHRISTIE, LLP

By: _____
David S. Rutherford (DSR 8564)
Attorneys for Defendant,
CARLSON RESTAURANTS WORLDWIDE
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799

TO:  ROBINSON & YABLON, P.C.
Attorney for Plaintiffs
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566
Attention: Andrew M. Laskin, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **ANSWER WITH JURY DEMAND and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** was furnished via first-class mail to the offices of ROBINSON & YABLON, P.C., 232 Madison Avenue, Suite 1200, New York, New York 10016, Attention: Andrew M. Laskin, Esq., on this 26th day of March, 2008

David S. Rutherford (DSR 8564)